UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATAMOUNT PROPERTIES 2018, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>JOHN STANLEY, JR., et al.,<br><br>           Defendants. | Case No.:  22-CV-1126-RSH-NLS<br><br>**ORDER REMANDING CASE** |

On February 3, 2020, Plaintiff filed an unlawful detainer action against Defendants in San Diego County Superior Court (the "State Court Action"). ECF No. 1-4 at 2. On June 21, 2022, Defendants' lessee, Melody Kohl, filed a bankruptcy petition in the United States Bankruptcy Court for the Southern District of California, Case No. 22-1636-LT13 (the "Bankruptcy Action"). ECF No. 1 ¶¶ 8, 19. On August 1, 2022, Defendants, who are proceeding *pro se*, filed a notice of removal of the State Court Action to this Court, pursuant to 28 U.S.C. § 1443(1) and § 1452(a), the bankruptcy removal statute. ECF No. 1. The Court hereby REMANDS this action to state court.

**I.    REMOVAL PURSUANT TO 28 U.S.C. § 1443(1)**

28 U.S.C. § 1443(1) authorizes a defendant to remove a state court civil action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right

under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." But "the phrase 'any law providing for * * * equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Defendants nowhere contend that they are being denied or cannot enforce in state court their civil rights pertaining to racial equality. Section 1443(1) therefore provides no basis for removal.

**II.     REMOVAL PURSUANT TO 28 U.S.C. § 1452(a)**

Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." The Court, however, may order remand "on any equitable ground." 28 U.S.C. § 1452(b). "This 'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *In re McCarthy*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). "Courts may consider up to fourteen factors" in determining whether to remand the case." *In re Cedar Funding, Inc.*, 419 B.R. 807, 820 (B.A.P. 9th Cir. 2009).[1]

---

[1] "The factors are: (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action." *In re Cedar Funding, Inc.*, 419 B.R. at 820 n.18.

The factors weigh in favor of remand. Remand would have no effect on the efficient administration of the estate in the Bankruptcy Action. The property at issue in the State Court Action is not subject to the automatic stay, and even if the property were part of the bankruptcy estate, the Bankruptcy Action has since been dismissed. ECF No. 4 at 3, 5. For the same reason, absent remand, state law issues will predominate and the proceeding will have a tenuous relation (if any at all), to the now-dismissed core bankruptcy proceedings. There is also a risk of prejudice to Plaintiff if the Court allows removal, prolonging the litigation despite the state court's issuance of a final judgment and writ of possession in favor of Plaintiff. ECF No. 1-4 at 7-8. Finally, comity and forum-shopping concerns counsel against removal. If the Court retains the case, it may create an opportunity for Defendants to relitigate in a new forum issues that were already raised and decided in the State Court Action. In light of these factors, the Court finds remand appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **REMANDS** this case to the San Diego County Superior Court.

**IT IS SO ORDERED**.

Dated:  October 14, 2022

_____
Hon. Robert S. Huie
United States District Judge